UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TCF EQUIPMENT FINANCE | ) | |
| | ) | |
| v. | ) | Case No: 1:18-cv-00039 |
| | ) | Judge Campbell/Frensley |
| SITEWORK SPECIALTIES | ) | |
| UTILITIES & EXCAVATING LLC, | ) | |
| BILLY JOE SPEARS AND | ) | |
| MANDY SPEARS, | ) | |
|    Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiff TCF Equipment Finance's ("TCF") Motion for Entry of Default Judgment against Defendants Sitework Specialties Utilities & Excavating LLC and Billy Joe Spears and a Writ of Possession against a 2009 Caterpillar D6T XL Dozer. Docket No. 30. The Court held a hearing on TCF's application for writ of possession on November 15, 2019. Counsel for TCF appeared at the hearing and offered the testimony of Roger Adams, Senior Special Assets Officer at TCF regarding the loans to Sitework. No one appeared at the hearing on behalf of the Defendants. For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion (Docket No. 30) be GRANTED in part and DENIED in part.

    **A.    Writ of Possession**

Rule 64 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides in relevant part, that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Under Rule 64, the remedies available include, replevin and other corresponding or equivalent remedies under Tennessee law.

*See* Fed. R. Civ. P. 64(b).

Tennessee Code Annotated ("Tenn. Code Ann.") §§ 29-30-101, et. seq. provides a detailed procedure by which one entitled to possession of personal property held by another may recover it. Tenn. Code Ann. § 29-30-106 sets forth the procedure for recovering personal property through the issuance of a writ of possession. The statute allows for the court to issue an expedited writ of possession conditioned upon the posting of a bond and thereafter directing an officer to take possession of the property and deliver to the Plaintiff and to summon the Defendant to appear and answer within 30 days. *Id.*

In the instant case, the Plaintiff filed a Verified Complaint and Motion to Set a Hearing on Application for Writ of Possession against Defendants Sitework, Mandy Lee Spears and Billy Joe Spears. The Court scheduled a hearing as a required under Tenn. Code Ann. § 29-30-106. At that time, Defendant Mandy Spears appeared to challenge the issuance of the Writ of Possession. The Court thereafter continued the hearing on the Writ of Possession and Motion for Default Judgment. Docket No. 34.

On November 15, 2019, the Court held in essence what constituted a final hearing on the application for Wirt of Possession filed by Plaintiff, TCF. Counsel for TCF appeared and put on proof regarding the Writ of Possession. No one appeared at the hearing on behalf of the Defendants.

Based on the allegations in the Verified Complaint, Mr. Adams's testimony at the hearing, the arguments of counsel for TCF and the entire record in this matter, the Court makes the following findings of fact:

1.  TCF made two loans to Sitework that were used to purchase certain equipment collateral. For convenience the Court refers to these loans, as TCF did, using the last three digits

of the loan contract number - *i.e.* Loan 500 and Loan 501.

2.    Sitework gave TCF a promissory note ("Note 500") dated November 25, 2015 in the original principal amount of $140,501.51 to evidence Loan 500. Note 500 is signed by Mandy Spears in her capacity as a member of Sitework. Note 500 calls for a series of 36 monthly payments of principal and interest.

3.    Loan 500 was used to purchase two pieces of equipment collateral. Sitework granted TCF a security interest in this collateral by signing a security agreement, again through Mandy Spears in her capacity as a member of Sitework.

4.    Sitework gave TCF a second promissory note ("Note 501") dated August 24, 2016 in the original principal amount of $418,340.00 to evidence Loan 501. Note 501 is signed by Mandy Spears in her capacity as a member of Sitework. Note 501 calls for a series of 36 monthly payments of principal and interest.

5.    Loan 501 was used to purchase four pieces of equipment collateral, specifically, the following:

   a.    One 2012 John Deere 544K Wheel Loader, Serial# 642801;

   b.    One 2009 Caterpillar D6T XL Dozer, Serial# LAY01256 (the "Dozer");

   c.    One 2012 Volvo EC300DL Excavator, Serial# 0210464; and

   d.    One 2006 Komatsu HM300-2 Articulated Truck, Serial# 2080.

6.    Sitework granted TCF a security interest in the Loan 501 collateral by signing a security agreement, again through Mandy Spears in her capacity as a member of Sitework.

7.    TCF perfected its security agreement in the Loan 501 collateral by filing a Uniform Commercial Code Financing Statement with the Tennessee Secretary of State on August 30, 2016 that describes those four pieces of equipment.

8. Sitework defaulted under Note 500 and Note 501 by ceasing to make the required monthly payments on Note 500 and Note 501 before the loans were repaid in full.

9. After Sitework stopped making monthly payments due under the Notes, TCF accelerated the balance due under each Note, and attempted to repossess the collateral securing the Notes.

10. TCF repossessed both pieces of equipment that secured Note 500, sold the equipment, and applied the proceeds to the debt.

11. The proceeds of the sale of the Note 500 collateral were not sufficient to repay that Note in full. As of May 31, 2019, the outstanding balance due under Note 500 was $16,054.36. Interest has continued to accrue from that date at the rate of $2.50 per day. TCF has received no payments on Note 500 after May 31, 2019.

12. TCF repossessed three of the four pieces of equipment that secured Note 501, sold the equipment, and applied the proceeds to the debt.

13. TCF was unable to repossess the Dozer, which is the fourth piece of equipment that secures Note 501. TCF requested that Sitework turn over the Dozer, but Sitework did not do **so.**

14. The proceeds of the sale of three of the four pieces of Note 501 collateral were not sufficient to repay that Note in full. As of May 31, 2019, the outstanding balance due under Note 500 was $161,671.39. Interest has continued to accrue from that date at the rate of $24.84 per day. TCF has received no payments on Note 501 after May 31, 2019.

15. At least five days prior to making application for a writ of possession, TCF served notice of its application for writ of possession and a copy of its Verified Complaint upon the Defendants.

Based on the foregoing TCF is entitled to possession of the Dozer as a secured creditor

pursuant to the Uniform Commercial Code as enacted in Tennessee. TCF has established all of the elements required for the issuance of a writ of possession pursuant to Tenn. Code Ann. § 29-30-106(a)(l)(A). The undersigned recommends that TCF's Request for Writ of Possession be GRANTED, and that the Court find TCF is entitled to possession of the equipment.

### B. Default Judgment

On April 1, 2019, the Clerk of Court entered a default against Defendant Sitework and Billy Joe Spears. Docket No. 26. The Clerk noted that, because TCF has a Complaint with both a claim for certain contract damages under Rule 55(b)(1) and claim for reasonable attorney's fees which is not a sum certain under Rule 55(b)(2) the Motion for Default Judgment must be decided by the Court pursuant to Rule 55(b)(2). While Defendant Sitework and Billy Joe Spears are in default, Defendant Mandy Lee Spears has filed an Answer to the Complaint (Docket No. 15) and therefore is not currently in default. The allegations in the verified complaint are made as to all three Defendants in this case.

Following a clerk's entry of default under Fed. R. Civ. P. 55(a), a Plaintiff may request default judgment and award damages under Rule 55(b). Federal Rules of Civil Procedure 55(a)–(b). In a multi-Defendant litigation, the preferred practice is to postpone entry of the default judgment until the claims against all non-defaulted Defendants are adjudicated on the merits. See Fed. R. Civ. P. 54(b) (allowing entry of default judgment against fewer than all parties "only if the Court expressly determines there is no just reason for delay"); *Driver v. Fabish*, 2017 WL 413719, at *2 (M. D. Tenn. January 31, 2017), *accepted*, 2017 WL 998071 (M. D. Tenn. March 15, 2017) ( citing *Frow v. De La Vega*, 82 US 552, 554 (1872); *Northland Ins. Co. v. Cailu Title Corp.*, 204 F. R. D. 327, 330 (W. D. Mich. 2000)); *Thorburn v. Fish*, 2014 WL 6871535, at *2 ( M. D. Tenn. December 5, 2014) (*quoting Corrosioneering, Inc. v. Thyssen Evntl. Sys., Inc.*, 807 F

2d 1279, 1282 (6th Cir. 1986)) (noting that entry of default judgment when other claims remain pending is appropriate "only in the infrequent harsh case as an instrument for the improved administration of justice"). This "preferred practice" is based on the desire to avoid inconsistent decisions for jointly and severally liable defendants. *See e.g., United States ex rel Hudson v. Peerless Insurance Company,* 374 F. 2d 942, 943-45 (4th Cir. 1967)(finding that preventing inconsistent judgments for jointly and severally liable Defendants is a "just reason" for delaying the entry of a default judgment). In addition to inconsistent judgments, the desire to avoid piecemeal appeals further supports waiting for entry of default judgments against defaulted Defendants. *See Lefever v. Ferguson*, 567 Fed. Appx. 426, 432 (6th Cir. 2014).

Because the allegations against each Defendant are identical and not all Defendants are currently in default, the undersigned recommends that the Motion for Default Judgment as to Defendants Sitework and Billy Joe Spears be DENIED without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**