**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | |
|---|---|
| TCF EQUIPMENT FINANCE )<br>    Plaintiff )<br>)<br>v. )<br>)<br>SITEWORK SPECIALTIES )<br>UTILITIES & EXCAVATING LLC, )<br>BILLY JOE SPEARS AND )<br>MANDY SPEARS, )<br>    Defendants. ) | Case No: 1:18-cv-00039<br>Judge Campbell/Frensley |

### REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiff TCF Equipment Finance's ("TCF") Motion for Summary Judgment against Defendants Sitework Specialties Utilities & Excavating LLC, Mandy Lee Spears and Billy Joe Spears. Docket No. 48. Plaintiff has filed a Supporting Memorandum of Law. Docket No. 49. Plaintiffs have also filed the declaration of Roger T. Adams (Docket No. 48-1) and a Statement of Undisputed Material Facts (Docket No. 48-2). The Defendants have not responded to the Motion. For the reasons stated herein, the undersigned recommends that the Court grant the Plaintiffs' Motion for Summary Judgment and enter judgment against the Defendants on Plaintiff's claims for breach of contract in the amount of $66,000.60, plus interest at the contract rate accruing after May 26, 2020.

    **I.    FACTUAL ALLEGATIONS AND BACKGROUND**

This is an action for breach of contract arising out of two loans made by the Plaintiff to Defendant Sitework that was secured by security interest in construction equipment used by Sitework for its business. Docket No. 1. Defendants Mandy Lee Spears and Billy Joe Spears, each individually, guaranteed all obligations of Sitework to the Plaintiff. *Id.* The Complaint alleges that

Sitework defaulted under the loans by failing to make required monthly payments. *Id.* Thereafter, Mandy Lee Spears and Billy Joe Spears defaulted under their guarantees by failing to pay the amounts owed by Sitework.

TCF made two loans to Sitework that were used to purchase certain construction equipment. Docket No. 48-2, ¶¶ 1-7. For convenience the Court refers to these loans, as TCF does, using the last three digits of the loan contract number - *i.e.* Loan 500 and Loan 501. *Id.* Sitework gave TCF a promissory note ("Note 500") dated November 25, 2015 in the original principal amount of $140,501.51 to evidence Loan 500. *Id.* at ¶ 1. Note 500 is signed by Mandy Spears in her capacity as a member of Sitework. Docket No. 48-1, p. 6. Note 500 calls for a series of 36 monthly payments of principal and interest. Docket No. 48-2, ¶ 1. Loan 500 was used to purchase two pieces of equipment collateral. *Id.* at ¶ 2.

Sitework gave TCF a second promissory note ("Note 501") dated August 24, 2016 in the original principal amount of $418,340.00 to evidence Loan 501. *Id.* at ¶ 7. Note 501 is signed by Mandy Spears in her capacity as a member of Sitework. Docket No. 48-1, p. 7. Note 501 calls for a series of 36 monthly payments of principal and interest. Docket No. 48-2, ¶ 7. Loan 501 was used to purchase four pieces of equipment collateral. *Id.* at ¶ 8.

Sitework defaulted under Note 500 and Note 501 by ceasing to make the required monthly payments on Note 500 and Note 501 before the loans were repaid in full. *Id.* at ¶¶ 3-9. After Sitework stopped making monthly payments due under the Notes, TCF accelerated the balance due under each Note, and attempted to repossess the collateral securing the Notes. *Id.* at ¶¶ 5, 11. TCF repossessed both pieces of equipment that secured Note 500, sold the equipment, and applied the proceeds to the debt. *Id.* at ¶ 6. The proceeds of the sale of the Note 500 collateral were not sufficient to repay that Note in full. TCF repossessed three of the four pieces of equipment that

secured Note 501, sold the equipment, and applied the proceeds to the debt. *Id.* at ¶ 13. TCF was unable to repossess the Dozer, which is the fourth piece of equipment that secures Note 501. *Id.* at ¶ 15.

After recovering the final piece of collateral, TCF sold the collateral on both notes and applied the proceeds of the sales against the obligations owed by Sitework on both notes including reasonable costs of sale. *Id.* at ¶¶ 6, 13, 14, 15.

Mandy Lee Spears and Billy Joe Spears each guaranteed all obligations of Sitework to TCF under the Notes pursuant to continuing guarantees dated November 25, 2015. *Id.* at ¶¶ 16-17. By failing to pay all amounts owed by Sitework to TCF after Sitework ceased paying, Manda Lee Spear and Billy Joe Spears each defaulted under their guarantees. *Id.* at ¶ 18.

The total amount owed to TCF by Sitework as of May 26, 2020 under the notes is $66,000.60. *Id.* at ¶¶ 19-20. Under the terms of the Notes and the continuing guarantees, Sitework, Mandy Lee Spear and Billy Joe Spears also are liable to TCF for all costs of collection of the Notes including attorney's fees. *Id.* at ¶ 21.

## II. LAW AND ANALYSIS

### A. Local Rules 7.01(a)(3) and 56.01(c) and (f)

Local Rule 7.01(a)(3) states, in pertinent part:

> **(3) Response**. . . . [a]ny party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact, affidavits and depositions, not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. . . . If a timely response is not filed, the motion shall be deemed to be unopposed, except for motions to reconsider for which no response shall be permitted unless ordered by the Court.

Plaintiff filed its Motion for Summary Judgment on June 1, 2020. Docket No. 48. Defendants have failed to respond to Plaintiff's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rule 56.01(c) and (f) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record.
>
> . . .
>
> **f. Failure to Respond**. If a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.

Defendants have failed to properly respond to either Motion or Statement of Material Facts filed in this matter. Pursuant to Local Rule 56.01(f), Defendants' failure to properly respond indicates that the asserted facts are "undisputed for purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Plaintiff is entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Plaintiff's Motions solely on the ground that Defendants have failed to properly respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant s Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment 'always bears the burden of demonstrating the absence of a genuine issue as to a material fact.'

*Id.* (citations omitted). The Court will, therefore, consider whether Plaintiff has met its burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F. 2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party s case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F. 3d 533, 537-38 (6th Cir. 1999).

Additionally, Fed. R. Civ. P. 56(c)(1) sets forth the requirement to support factual

assertions as follows:

> (c) Procedures.
>
> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Both the notes and guarantees at issue in his case include provisions that they are to be governed by and construed in accordance with the laws of Minnesota. Docket No. 48-1, pp. 6-9. Therefore, the law of Minnesota governs the claims asserted in this litigation. Under Minnesota law, parties form a contract when they (1) exchange bargained for promises, (2) show mutual assent to this exchange, (3) support their exchange or promises with consideration. *Medical Staff of Avera Marshal Regional Medi al Ctr. v. Avera Marshal*, 857 N. W. 2d 695, 701 (Minn. 2014). When the Parties dispute the existence and terms of a contract these issues become questions for the fact finder. *Morrissett v. Harrison Int'l Corp*. 46 N. W. 2d 424, 427 (Minn. 1992).

To prevail on a breach of contract claim, the Plaintiff needs to prove three elements: "(1) formation of a contract; (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant; and (3) breach of the contract by defendant." *Park Nicollett Clinic v. Hamann,* 808 N. W. 2d 828, 833 (Minn. 2011).

**D.     The Case at Bar**

**1.     Breach of Contract**

The Defendants have not responded to the Plaintiff's Motion or Statement of Undisputed

Immaterial Facts. Thus, they have neither challenged the existence of the contract nor their breach of same. The undisputed material facts establish that the notes at issue are valid contracts binding upon Defendant Sitework. Docket No. 48-1, pp. 7-8. The Plaintiff performed its obligations under the contract by providing the principal amount of each of the notes to Sitework. *Id.* at ¶¶ 5, 11.

Notwithstanding the Plaintiff's performance, Sitework stopped making payments on the note before the borrowed amount was repaid in full. *Id.* ¶¶ 7-8, 13-14.

As established by undisputed material facts, Plaintiff has established each of the elements for a breach of contract and the undersigned recommends that its Motion for Summary Judgment be GRANTED against Sitework for breach of contract.

Defendants Mandy Lee Spear and Billy Joe Spears entered into valid contracts by executing guarantees of the obligation of Sitework under the notes discussed above. Docket No. 48-1, ¶¶ 20-21, pp. 8-9. Plaintiff fulfilled its obligations under the continuing guarantees by extending credit to Sitework. *Id.* at ¶¶ 5, 11. Defendants Mandy Lee Spear and Billy Joe Spears have failed to pay the amounts owed by Sitework to the Plaintiff after Sitework defaulted under the notes. *Id.* ¶ 22.

The undersigned finds that the Plaintiff has established the elements of its claim for breach of contract against Defendants Mandy Lee Spear and Billy Joe Spears and thus is entitled to summary judgment on these claims as well.

### 2. Damages for Breach of Contract

"Under Minnesota law, damages for breach of contract must be proved to a reasonable certainty and a party cannot recover speculative, remote, or conjectural damages." *Children's Broadcasting Corp. v. The Walt Disney Com.*, 357 F. 3d 860, 865 (8th Cir. 2004)(*Leoni v. Bemis Co.*, 255 N. W. 2d 824, 826 (Minn. 1977)). Expectation damages for breach of contract "attempt

7
Case 1:18-cv-00039 Document 50 Filed 10/22/20 Page 7 of 9 PageID #: 252

to place the Plaintiff in the same position if the breaching party had complied with the contract." *Logan v. Northwest Bank of Minnesota, NA,* 603 N. W. 2d 659, 663 (Minn Ct. of App. 1999). Here, Plaintiff states that as of May 26, 2020 Sitework owed TCF a total of $66,000.60 under the notes including principal and accrued interest. Docket No. 48-1, ¶¶ 23-25. TCF also asserts that it is entitled to recover interest accruing after May 26, 2020 at the rate of $10.81 per day until all amounts due under the notes are fully repaid. *Id.* ¶¶ 23-24. Plaintiff further argues that each note and the continuing guarantee provides for the payment of reasonable attorney's fees incurred in connection with enforcing the notes and the continuing guarantees. Docket No. 49, pp. 6-7. Plaintiff reserves the right to file a motion for fees and costs should the Court grant judgment in its favor. *Id.*

The Court finds that Plaintiff has presented sufficient evidence of the amount of its expectation damages. Those amounts have not been disputed as the Defendants have failed to respond to motion.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for summary judgment against Defendants Sitework Specialties Utilities & Excavating LLC, Mandy Lee Spears and Billy Joe Spears (Docket No. 48) be GRANTED and that the Plaintiff be AWARDED Judgment against the Defendants in the amount of $66,000.60 plus interest accruing after May 26, 2020 at the rate of $10.81 per day.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said

objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                   **JEFFERY S. FRENSLEY**
                                                   **United States Magistrate Judge**